JOINT COUNCIL OF TEAMSTERS, NO. 42, et al., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Associated Independent Owner-Operators, Inc., Intervenor.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

BUILDING MATERIAL AND DUMP TRUCK DRIVERS, LOCAL 420, et al., Respondents.

Associated Independent Owner-Operators, Inc., Associated General Contractors of California, Inc., California Dump Truck Owners Association, Intervenors.

CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Associated Independent Owner-Operators, Inc., Intervenor.

Nos. 80–7455, 80–7456 and 80–7457.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 1981.

Decided Dec. 21, 1981.

As Amended March 18, 1983.

George A. Pappy, Pappy, Kaplon & Vogel, Robert Varde Kuenzel, Latham & Watkins, Los Angeles, Cal., for Dump Truck Drivers and Owners and for Joint Council.

David S. Fishback, N.L.R.B., Washington, D.C., argued for N.L.R.B.; Elliott Moore, Washington, D.C., on brief.

Before ELY and NORRIS, Circuit Judges, and COPPLE,* District Judge.

* The Honorable William P. Copple, United States District Judge for the District of Arizo-na, sitting by designation.

NORRIS, Circuit Judge:

We are called upon in this case to review an order of the NLRB declaring a provision in a collective bargaining agreement to be an unfair labor practice under § 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e) (1976). The Board invalidated article XIII of the Master Labor Agreement between unions and contractor-employers in the Southern California construction industry because it prohibited general contractors from hiring non-union dump-truck owner-operators. The unions petition to deny enforcement of the Board's order, and the Board seeks a judgment of enforcement.[1] The owner-operators seek an order directing the Board to grant a make-whole remedy requiring the unions to reimburse them for initiation fees and dues paid to the unions, and for income lost by those truck owners who were denied work. We enforce the Board's order.

## I.

■ Section 8(e) prohibits agreements between unions and employers that require a self-employed person to join the union in order to work for the employer.[2] A construction industry proviso to § 8(e) carves out an exception for "work to be done at the site of the construction." Our inquiry is whether the Board erred in ruling that the operation of the owner-operated dump trucks in question is not on-site work within the meaning of the § 8(e) proviso.[3]

The facts are not in dispute. The dump truck operators haul materials from construction sites to remote dump sites, from "borrow" pits to construction sites, and from one construction site to another construction site. The truck owners spend most of their time on public roads away from the construction site. The only time spent at the construction site is during loading and unloading, when the dump truck operator ordinarily remains in his vehicle. See Joint Council of Teamsters No. 42, et al., 248 N.L.R.B. 808, 816–17 (1980).

■ On these facts, the Board found that the owner-operators are delivery persons, not construction site workers, and therefore their work is not covered by the on-site proviso. That finding is consistent with Board findings in similar cases involving delivery of goods to a construction site. See Drivers Local 695 v. NLRB, 361 F.2d 547, 552 n. 19 (D.C.Cir.1966). In doubtful situations, we give weight to the Board's application of the Act, NLRB v. Denver Building and Construction Trade Council, 341 U.S. 675, 692, 71 S.Ct. 943, 953, 95 L.Ed. 1284 (1951); where, as here, the situation is not doubtful, we readily enforce the Board's order.

■ None of the unions' arguments against the Board's order is persuasive. First, they cite this circuit's recent interpretation of the on-site proviso in Pacific Northwest Chapter of the Associated Build-

---

1. The general contractors intervene in support of the Board's position; they are represented by the Associated General Contractors of California, Inc., the Building Industry Association of California, the Engineering Contractors Association, and the Southern California Contractors Association. The unions include the Joint Council of Teamsters No. 42, et al. The truck owners are represented by the California Dump Truck Owners Association and the Associated Independent Owner-Operators, Inc. The proceedings below are reported at Joint Council of Teamsters No. 42, et al., 248 N.L.R.B. 808 (1980).

2. Section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e) (1976), provides that: "It shall be an unfair labor practice for any labor organization and any employer to enter

into any contract ... whereby such employer ... agrees to ... cease doing business with any other person ... Provided, that nothing in this subsection shall apply to an agreement between a labor organization and an employer in the construction industry relating to the contracting or subcontracting of work to be done at the site of the construction."

3. As a preliminary matter, the unions argue that the dump-truck owner-operators are not self-employed independent contractors, as the Board held, but employees of the general contractor. This argument is foreclosed, however, by Associated General Contractors of California, Inc. v. NLRB, 564 F.2d 271 (9th Cir.1977), in which this court held that these same dump truck owners are independent contractors.

*ers and Contractors, Inc. v. N.L.R.B.,* 654 F.2d 1301 (9th Cir.) (en banc), *cert. granted,* 454 U.S. 814, 102 S.Ct. 90, 70 L.Ed.2d 83 (1981). That case is not on point. The only issue decided in *Pacific Northwest* was whether the § 8(e) proviso "renders lawful clauses in collective bargaining contracts forbidding the employers to subcontract work *at any construction site* to a firm not having a contract with the signatory union." 654 F.2d at 1304 (emphasis added). In *Pacific Northwest,* where it was undisputed that the workers were engaged in on-site work, the court recognized that "the construction industry proviso narrowed the geographical scope of the [rule allowing secondary tactics] by introducing the job-site limitation." 654 F.2d at 1313.

Second, the unions compare the on-site proviso in § 8(e) to an on-site proviso in the Davis Bacon Act (concerning minimum wages for construction workers on government contracts), arguing that the Federal Wage Appeals Board has held that it includes transportation between a construction site and a remote dump site. *See T.L. James & Co.,* Wage Appeals Board Case No. 69–2 (Aug. 13, 1969). We question the unions' reading of *T.L. James.* The Wage Appeals Board held only that a remote dump site or borrow pit is a part of the construction site. Slip op. at 6. The Board did not explicitly address the issue of transportation between the main site and the remote site. Moreover, we reject the unions' comparison of the two Acts. Neither the legislative history nor the text of the statute suggests that Congress intended § 8(e) to parallel the Davis Bacon Act.

Third, the unions rely on a Ninth Circuit affirmance of an arbitration award where, in the process of interpreting a provision in a collective bargaining agreement, the arbitrator determined that transportation between a construction site and a supply site was on-site work within the meaning of § 8(e). *See La Mirada Trucking, Inc. v. Teamsters Local Union 166,* 538 F.2d 286, 288 (9th Cir.1976), *cert. denied,* 429 U.S. 1062, 97 S.Ct. 787, 50 L.Ed.2d 778 (1977). That decision has little bearing on the case before us. In *La Mirada,* the court did not interpret the on-site proviso to § 8(e); the court merely held reasonable the arbitrator's interpretation of a provision in a collective bargaining agreement, which the parties had stipulated to be identical to the on-site proviso of § 8(e). 538 F.2d at 289. Thus, the *La Mirada* court did not hold as a matter of law that transportation between a supply site and a construction site fits within the construction industry proviso.

## II.

The truck owners claim that the Board's cease and desist order is an inadequate remedy. They contend that the Board should also order reimbursement of initiation fees and dues that the truck owners had paid to the union plus compensation for income lost to those truck owners who were denied work.

In cases involving a violation of § 8(e), however, it is within the Board's discretion to deny reimbursement when there is no finding of actual coercion. *Shepard v. NLRB,* —— U.S. ——, 103 S.Ct. 665, 74 L.Ed.2d 523 (1983).

The order of the Board is ENFORCED.